UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY CONNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DR. KATE WILKS; CENTURION OF IDAHO, LLC; DR. HAGGARD; TOMI;<br><br>　　　　　Defendants. | Case No. 1:25-cv-00641-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　The Clerk of Court conditionally filed Plaintiff Anthony Conner's Complaint because of his status as a prisoner and request to proceed in forma pauperis. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

　　　Plaintiff is a prisoner in custody of the Idaho Department of Correction (IDOC), incarcerated at Idaho State Correctional Institution (ISCI). He asserts that, between 2014 and October 2023, Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment by failing to provide him with adequate medical care for his left knee, resulting in several difficulties, including recurring gangrene infections. He filed his Complaint in November 2025. It appears that all of the claims are beyond the statute

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

of limitations period and subject to dismissal. Plaintiff will be provided with an opportunity to file an amended complaint to correct the deficiencies identified in this Order.

## STANDARDS OF LAW

**1. Eighth Amendment Standard of Law**

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

Where conditions of confinement are challenged, a plaintiff must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Second, the plaintiff must make a "subjective" showing that the prison official responsible for the violation acted "with a sufficiently culpable state of mind." *Id*. To establish an official's deliberate indifference, an inmate must show that (1) the official was aware of the risk to the prisoner's health or safety, and (2) the official deliberately disregarded that risk. *See Farmer*, 511 U.S. at 837. Mere negligence is not sufficient to establish deliberate indifference. *Id*. at 834-35.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

## 2. Section 1983 Standard of Law for Claims against Entities

To bring a § 1983 claim against a municipality (local governmental entity) or a private entity performing a government function, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* is applicable to private entities performing government functions). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Requisite elements of a § 1983 policy-based claim against a municipality or entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (internal quotation marks omitted)).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" policy. *Monell*, 436 U.S. at 691. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citations omitted).

### 3. Statute of Limitations Standard of Law

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219, setting a two-year statute of limitations for personal injuries, governs federal civil rights actions arising in Idaho.

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008). The statute of limitations is tolled while the inmate exhausts administrative grievance procedures pursuant to the Prison Litigation Reform Act (PLRA). *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

The continuing violation doctrine can be applied in § 1983 actions. *See Gutowsky v. County of Placer*, 108 F.3d 256, 259-260 (9th Cir. 1997). In *Gutowsky*, the plaintiff alleged that the county had an ongoing policy of discrimination throughout her many years of employment there, and she pointed to specific examples of discrimination outside the statute of limitations period that were "not the basis of her charge of discrimination" but rather were "but evidence that a policy of discrimination pervaded [her employer's] personnel decisions." *Id*. at 260. The court determined that her claim was timely filed, because "Gutowsky contend[ed] that the widespread policy and practices of discrimination of which she complain[ed] continued every day of her employment, including days that fall within the limitation period." *Id*.

After *Gutowsky*, the law has been narrowed and clarified. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045 (9th Cir. 2002). In general, it is no longer true, as in *Gutowsky*, that "if a discriminatory act took place within the limitations period and that act was 'related and similar to' acts that took place outside the limitations period, all the related acts—including the earlier acts—were actionable as part of a continuing violation." *RK Ventures*, 307 F.3d at 1061.

More recently, in *Pouncil v. Tilton*, 704 F. 3d 568, 581–83 (9th Cir. 2012), the United States Court of Appeals for the Ninth Circuit further clarified that the date a cause of action accrues is determined by analyzing whether the plaintiff is suing for a defendant's discrete act that occurred *within* the statute of limitations period, allowing a plaintiff to proceed on the claim; or merely for an *inevitable consequence* that occurred

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

within the statute of limitations period as a result of a discrete act that occurred *outside* the statute of limitations period, which prevents a plaintiff from proceeding. 704 F.3d at 576–79.

If a claimant cannot show that his claim accrued within the statute of limitation period, he still may be permitted to proceed if he can show that his statute of limitation should have been tolled (or stopped) for a certain period of time during the period within which he should have filed the lawsuit. In a civil rights case such as this, state tolling provisions apply unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464-65 (1975).

The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho expressly tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

Another option to address untimeliness is the theory of equitable estoppel, which prevents a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co. v. Chemetics International, Inc.*, 887 P.2d 1039, 1042 (Idaho 1994). "[E]stoppel does not eliminate, toll, or extend the statute of limitations." *Gallagher v. Best W. Cottontree Inn*, 388 P.3d 57, (Idaho 2017) (internal citation omitted).

The Idaho version of equitable estoppel requires a showing of four elements:

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

"(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *J.R. Simplot*, 887 P.2d at 1041.

Under 28 U.S.C. § 1915(d) screening, this Court may dismiss a frivolous in forma pauperis action sua sponte without service of process on the defendants. *Franklin v. Murphy*, 745 F.2d 1221, 1225-26 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A case filed outside the statute of limitations period is legally frivolous. *Puett v. Carnes*, 21 F.3d 1115 (9th Cir. 1994).

## REVIEW OF COMPLAINT

Plaintiff complains of repeated left knee problems existing since 2014. He had various medical care by Defendants, which resulted in serious infections and other problems. In February 2023, he was placed in a nursing home. He did not receive a surgical consultation there and was provided with only limited occupational and physical therapy. When he returned to prison in October 2023, he received limited wound care treatment and limited occupational and physical therapy. He asserts that, beginning in October 2023, he again suffered from infections from his open wounds.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

Because Plaintiff filed his Complaint in November 2025, he may assert claims arising no earlier than November 2023. None of Plaintiff's claims appears to fit within this time frame. The placement of Plaintiff in a nursing home for care for a certain injury or infection in February 2023 appears to be a clear break in any chain of prior non-treatment. After that course of treatment proved unsuccessful, Plaintiff could have filed a lawsuit.

The statute of limitations is tolled while a prisoner exhausts his administrative remedies, as noted above. Thus, if Plaintiff provides exhaustion forms and/or specific factual information showing that he exhausted any claims arising in October 2023, he may qualify for tolling for that month only, given that the prison administrative grievance procedure is 30 days.[1]

If Plaintiff desires to include any untimely claims in his amended complaint, he must file a brief explaining why he could not have filed a lawsuit after completion of each course of treatment he complains of, including each time he sought and was denied the treatment he desired and was instead placed on an Alternative Treatment Plan that did not work. He may explain any reasons why he did not file a lawsuit earlier.

Alternatively, Plaintiff may review his medical treatment between November 2023 and the current date to determine whether he properly exhausted any claim through the

---

[1] Exhaustion of administrative remedies is not a pleading requirement; thus, prisoners are not required to specifically plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 214-217 (2007). Use of exhaustion facts in Plaintiff's case is not to determine whether he exhausted his claims but to analyze the statute of limitations issues.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

prison administrative grievance procedures from this later time frame. If he did, he may instead include those claims in an amended complaint and omit any older claims that are barred by the statute of limitations. Another alternative is for Plaintiff to voluntarily dismiss this lawsuit and properly exhaust any current claims for lack of treatment and later file a lawsuit if prison officials do not provide him with proper medical treatment.

## INSTRUCTIONS FOR AMENDMENT

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all supplements.

For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state or federal actor (such as state or federal employment) or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the Constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) facts showing causation, including *Monell* causation, if the defendant is an entity; (8) the injury or damages Plaintiff personally suffered; and (9) the particular type of relief he is seeking from each defendant.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court. If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint."

If Plaintiff fails to file anything further in this matter, his Complaint will be dismissed as frivolous and/or for failure to state a federal claim upon which relief can be granted.

## REVIEW OF MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a Motion to Appoint Counsel. Dkt. 4. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Presently, it appears that Plaintiff has the ability to articulate his claims. Unless Plaintiff shows that he has a claim that is within the statute of limitations period, he cannot proceed; thus, counsel is unnecessary.

The statute of limitations analysis is fact-based. Therefore, Plaintiff must provide facts within his own knowledge showing that his claims were timely or that a legal excuse should be applied. The Court is aware that prisoners have few legal resources and

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

no legal training, and it does not expect prisoners to provide legal argument. Plaintiff's job is to provide facts showing his claims were timely or that a good reason not to file a complaint at an earlier date exists.

The Court will re-evaluate the need for counsel after it reviews the amended complaint and timeliness briefing. The Court presently will deny the motion for appointment of counsel without prejudice.

## REVIEW OF IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted under penalty of perjury an in forma pauperis application stating that he has received no income and no gifts or money from family or friends within the six months preceding the filing of the Complaint. Dkt. 1. However, his prison trust account statement shows that he regularly receives $100 payments from various individuals. Dkt. 2. The application will be denied. If Plaintiff files an amended complaint, he must file a new request to proceed in forma pauperis that resolves this discrepancy.

## ORDER

**IT IS ORDERED:**

1. The In Forma Pauperis Application (Dkt. 1) is DENIED without prejudice.
2. The Motion to Appoint Counsel (Dkt. 4) is DENIED without prejudice.
3. Plaintiff shall file either a notice of voluntary dismissal or an amended complaint within 30 days after entry of this Order.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

4. If Plaintiff desires to include untimely in his amended complaint, within 30 days after entry of this Order he must file a brief providing facts showing either that his claims are timely or that adequate reason for the untimeliness exists.

DATED: January 2, 2026

_____
B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 12**