UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ANTHONY CONNER,<br><br>        Plaintiff,<br><br>  v.<br><br>DR. KATE WILKS; CENTURION OF IDAHO, LLC; DR. HAGGARD; TOMI;<br><br>        Defendants. | Case No. 1:25-cv-00641-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

The Court previously notified Plaintiff Anthony Conner that it appeared that all of his claims arose outside the statute of limitations period. Dkt. 6. Plaintiff has filed an Amended Complaint that insufficiently identifies which defendants acted when in relationship to claim. Dkt. 7. He has not identified any claims within the statute of limitations period (November 2023 to date).

The Court previously noted that placement of Plaintiff in a nursing home for care for a certain injury or infection in February 2023 appeared to be a clear break in any chain of prior non-treatment. After that course of treatment proved unsuccessful, Plaintiff could have filed a lawsuit. Plaintiff has not provided sufficient chronological facts showing that he could not have filed a lawsuit shortly after February 2023 for any treatment within the prior two-year period. It is impossible to tell which Defendant treated him when, for what reason, and what the outcome was.

**SUCCESSIVE REVIEW ORDER - 1**

Plaintiff newly states he began the grievance process in Spring of 2025. (Dkt. 7 at 1.)  After he received a final response from Defendants on his grievance (a granting of the grievance at any stage of the process or a denial of the grievance after the final appeal), he knew his claims were ripe and he should have filed a complaint. Therefore, Plaintiff will be permitted to include only those claims arising from alleged constitutionally-insufficient medical care he received beginning in November 2023, through the current date. No claims prior to November 2023 should be included in the second amended complaint.

Plaintiff will be given one final opportunity to file an amended complaint on a simplified form and a separate timeline of all relevant medical care provided from November 2023 to date and all concern forms and grievances filed from 2023 to date.

The Court will order the prison medical provider to cooperate with Plaintiff to provide him with any needed medical records, and the prison to cooperate with him to provide any needed prison grievance documents. He must also file a new prison trust account statement showing the status of his account over the past six months.

## ORDER

**IT IS ORDERED:**

1. The second In Forma Pauperis Application (Dkt. 10) is DENIED without prejudice.

2. The Motion to Appoint Counsel (Dkt. 9) is DENIED without prejudice for the reasons stated in the Order at Docket 6.

**SUCCESSIVE REVIEW ORDER - 2**

3.  The Motion to Review Amended Complaint (Dkt. 8) is GRANTED to the extent set forth above.

4.  Plaintiff shall take the actions set forth above within **30 days** after entry of this Order, or this action will be dismissed with prejudice without further notice for failure to follow a Court order. *See* Fed. R. Civ. P. 41(b).

5.  Centurion officials shall cooperate with Plaintiff to provide him with any needed medical records, and IDOC prison officials shall cooperate with him to provide any needed prison grievance documents.

6.  The Clerk of Court shall provide Plaintiff with a copy of the simplified civil rights medical claim form. Plaintiff may copy the form as many times as needed to cover all Defendants.

DATED: April 3, 2026

B. Lynn Winmill
U.S. District Court Judge

**SUCCESSIVE REVIEW ORDER - 3**